The next case this morning is 19-4174 Earthgrains Baking Companies v. Sycamore. Counsel, if you would please unmute yourselves and prepare to argue. All right, we're ready to hear from the two of you and you may proceed. Good morning, I am Brenda Weinberg, attorney for the appellant Sycamore Family LLC. May it please the court, this is an appeal from an attempt by appellee Earthgrains to collect on a judgment and a series of orders related to that, primarily four. First, a charging order on the judgment debtor's minority 48% interest in the LLC, an order appointing a receiver, an order to liquidate assets to satisfy the judgment, and an earlier order in a related case under Judge Newford that denied Earthgrains fraudulent transfer and alter ego slash reverse bail piercing claims in its reach. Why don't you start with appellate jurisdiction? Why we have jurisdiction to hear you? It is true that under most circumstances a non-party cannot appeal. However, there is an exception when there are primarily when a non-party has an interest that is affected by the trial court's judgment, and that's cited in Moreno at 304. Of course, the better practice is for a non-party to seek intervention for purposes of appeal, but this court has on multiple occasions found that is not always necessary. Dietrich in particular, this court stated obviously under all the circumstances the appellant was an aggrieved party and his property interest can only be protected by recognizing that it's one of these extraordinary cases where a non-party may be allowed to appeal. This is also one of the extraordinary cases. The LLC, while not a party, has been actively litigating in this court since 2014. It has responded to every single motion that has been submitted by all of the parties. Did you have an obligation to intervene before the district court or to seek to intervene before the district court under a beta? I don't think that we did. A beta specifically states that the exception to the rule occurs in certain cases where the non-party possesses a unique interest in the outcome of the case and actively participates in the proceedings related to that interest, and this is where we have, we as speaking for the LLC, have actively participated for years. Well, I'll concede, you know, for purposes of the argument of using Judge Gorsuch when he was still a judge, his language, he would say I'll spot you that. Why don't we spot you that you have a unique interest, but you still have to move to intervene, don't you? And if you don't move to intervene, isn't that fatal jurisdictionally? I don't have the specific citation, but there are multiple cases cited in my brief that state there is no reason, no need to intervene. I think Dietrich, for example, the court determined that it didn't have to decide whether or not that there was... I think you're talking about SoCo maybe? SoCo? I'm specifically speaking about Dietrich where the court said we do not need to address the issue of whether or not the court properly denied the motion to intervene because the Tenth Circuit determined that there was no need to intervene considering the exception to the general rule that had been stated that there's no need to intervene. Isn't the LLC specifically named in the order? Yes, correct. And it's required to do something by the order? Correct. And isn't that a recognized exception? If you're ordered to do something, you can appeal that order? I believe that is correct. And so what goes further to that is none of the other parties, any of the named parties, or even the receiver are representing the interests of the LLC. Well, maybe that's Judge Hart's point to the answer. Are you saying that the LLC had intervened and that the LLC is a party? The LLC is not a named party. It was neither a defendant nor a plaintiff. Well, you told Judge Hart that you are a named party. You can't have it both ways. You either are or you aren't. We are not a named party. We are named in the charging order and are subject to it. I thought the... maybe I'm confused here. I thought the district court's order essentially says that the receiver can order you, the LLC, to sell property. And that's what you're... I mean, it's a pretty intimate interest when you are the party who's ordered to do something and you're challenging that. Yes, correct. So we have... But you're named as a party. We are not named as a party. In 2014, I believe, March 2014, when the court entered the charging order, the LLC was dragged into this litigation by Earthgrains, the judgment creditor, against its will, kicking and screaming and... Wait a second. You're not... It's too late for you to challenge the charging order, right? Correct. Correct. I'm just saying that the LLC has been in this litigation since 2014, starting with the charging. And the cases do state that it's inequitable to deny a party, or non-party in this case, an individual person entity, the ability to appeal when it is dragged into a proceeding against its will, which is exactly what has occurred here. And when there is no one else able to protect its interest, the exception applies. I think this is a quintessential case in which that exception would apply. The court has ordered that substantially all of its assets be liquidated in violation of Utah law. Well, just a couple of fact questions, I guess. After you were named then in the order, did you at that point assert any defenses or seek to disabuse the district court of its actions, or in any way assert the kind of rights that an intervening party would have sought? The LLC did, starting with... It's in the appellee's appendix, docket number 352, the order denying objections to the charging order. So in 2014, the LLC immediately objected to the court's charging order. And subsequently, there's been a motion for contempt sanctions. The LLC has had to submit to depositions. There's been a renewed motion for contempt sanctions. And the litigation that has followed subsequently with multiple hearings, depositions, and very intimate involvement by the LLC, which is now subject... Did the LLC do anything specifically in district court to challenge this requirement that it sell property? Yes, absolutely. What did it do in that regard? The LLC objected to... Well, filed an opposition to the motion for contempt sanctions, which was, I believe, in 2015. And again... Counsel, did the contempt sanctions order reach you? Did it purport to reach the LLC? Yes. So essentially, the district court was treating you as a party, even though there had been no formal intervention, it seems to me. So you've answered my questions, and Judge Arts, I'm sure, has others. Yes, that's correct, Your Honor. Let me get to the merits then, because maybe I'm sympathetic to your view on jurisdiction. But what in the world are you supposed to do with a debtor who tries to evade payment through improper means? Is that not exactly what equitable power in the courts is intended for, or one of the things it's intended for? And here, maybe incorrectly, but the district court and the receiver made various findings that the LLC and its owners were doing everything possible to keep Mr. Leland's property, Mr. Sycamore's property, Leland Sycamore's property, from the creditors. Your Honor, I would like to correct you in that there were multiple attempts by Earthgrains to collect on this judgment, and it sought a finding that there was a fraudulent transfer, which was not found, and which the district court based its order appointing a receiver. There was also an attempt at alter ego and reverse veil-piercing liability, which also was denied. So this was a last-ditch effort, and I admit that it was quite creative for Earthgrains to reach the debtor. But... When you say the district court did make those findings, was it not that the district court thought, you know, this is very complicated, so I'm going to appoint a receiver to look into this, and I can't make findings here, but then let's let the receiver look into this and suggest what needs to be done? Isn't that what happened? The entire basis, one of the main bases for appointing the receiver, the district court cited to Judge Neufer's order and stated, Judge Neufer previously found that there was a fraudulent transfer, and that's just incorrect. You can look at volume five at... Well, are you allowed to challenge that at this point? That sounds like something that you had earlier opportunities to challenge, and that time has passed. What we're talking about here is given everything that was decided beforehand, can the receiver require the LLC to sell property to get some cash to pay the creditor? Well, I think... Isn't that the only issue? Going to that, in Citronella, the court stated that it must first decide if the receiver has the authority to do what the court tells it to do, and I think here it does not, particularly because it goes far beyond the exclusive remedy. The court's reasoning was, well, if it doesn't... This is the exclusive remedy, but if it doesn't say I can't do it, then I can't, which I think is contrary to public policy and the protection of the individual members and respect for the corporate form. Citronella also goes on to say that if the basis for appointing the receiver was first erroneous, then the receiver had no authority to begin with. And I think that I have only a minute... Well, counsel, I know... I just have to ask you, your argument has many layers, but let's say we conclude we do have jurisdiction over this appeal, and we conclude against your position that there was authority to order you to sell property. Can I get you just briefly to address your argument that there were clearly erroneous findings with regard to the property? I mean, for example, the property was abandoned, the value... Could I get you briefly to address that? Yes. And there's the joke that attorneys become attorneys because we're bad at math. We're not that bad at math here. The original loan was for $2.1 million, and somehow because the assessed value is $2.9 million, the receiver conveniently chooses the highest number. That's just bad math at the minimum. So anyone can figure that out. And subsequent to that, which is in the record now, the receiver failed to do any appraisals on any of the properties, and subsequently asked the court to appoint appraisers after it got an extremely large order from the court to pay earth grains. And now we know that the appraisal was $1 million. So the math just doesn't work out, and the court should not rely on the receiver's report and recommendation for that reason alone. I'm out of time. I'm going to exercise my discretion to grant a minute and a half additional time so that you could be where you were at the time of the question. All right. Counsel, Mr. Burke? Thank you, Your Honor. Can the court hear me okay? We're hearing you fine. Good. I cannot see the clock, the timer, but I have it timed to myself, so hopefully there won't be a problem with that. I'd like to start first with the jurisdiction standing issue, but I want to address it from a slightly different perspective or add another element into the equation. The LLC claims a unique interest in this case that should limit it to appeal, but in the Abiotic case, this court held that in addition to having a unique interest or a special interest in the case, the non-party appellant must become involved in resolution of interest on appeal at the first available opportunity. What happened in Abiotic is the non-party that was trying to appeal, there had been two appeals that were related, and that party decided not to participate in the first appeal but tried to participate in the second appeal, and this court said you can't do that. If a non-party is going to intervene and if we're going to allow it, you have to do it at the first available opportunity and not just wait until it's convenient to you. Now here, the LLC, there are three underlying orders where over and over in their brief, the substance of what they're challenging is actually these orders, not what they call the liquidation order, but the foundational orders. The first order is the charging order entered into in 2014. That gave my client a right to all of Leland Sycamore's distributions from the be made on a proportional basis. So Mr. Sycamore's wife has a 48% interest, he has a 48% interest, whatever distribution. Even if they, well, it's too late to challenge those things anyway, isn't it? It's much too late to challenge. So the one thing that it's not too late to challenge is the liquidation order. I'm not sure that's the right term, but the order, pardon? Your Honor, it's definitely the wrong term. It doesn't have anything to do with liquidation. Yeah, okay. It's selling the property. I agree with you, Your Honor, as to the math, the specific mathematical calculations and determinations that the receiver met, those can be appealed. And that is a very, very little tiny segment of this appeal. And I will address that issue, but the majority of the issues are issues that are appealed on, could have been issued, could have been challenged years ago. As another example, Your Honor- Well, let me ask about, let's focus on, what about the, I thought there's a decision of the receiver to require the LLC to sell property, to obtain cash, to pay creditors. I thought that's, that's the issue here. Is it too late? Why can't the LLC challenge the decision to require it to sell the property? Your Honor, I answer that question, but let me clarify one point first. This was not an order to sell property to pay off a creditor. This was an order to sell property to pay distributions, which were due under the charging order. It's not a liquidation. It's not selling property. Okay. It's money that would then go to, that would then go to Leland, and then the creditors could reach that money of Leland's. Is that fair? Is that reasonable? Your Honor, I think if I understood what you said, right, I think that's correct. But Your Honor, they could have, for example, they could have appealed the contempt order that appointed a receiver. That explained everything that the receiver was going to do. That appointed a receiver, and they told that receiver, number one, go to the LLC and figure out what the assets are. Number two, determine how much distributions Earthgrain is entitled to. And number three, tell us how to come up with the money to pay those distributions. Now, a lot of that, a lot of that's challenged, but in this appeal, and that order was three years ago. Is there anything in the record upon which we can analyze whether complying with the order of sale would have the functional equivalent of ordering a dissolution and winding up? Sure, Your Honor. This is not anything like a dissolution. It's not anything like a litigation. Well, if you sell the principal assets of the Golden Goose, there is not much left for the goose to do, correct, except to wind up and dissolve. Your Honor, I'll tell you four things that are left that are proven in the record, which LLC would still have after this order was enforced. Well, that's my question. Number one, I don't remember the amount, but there is some cash left in the bank. The receiver recommended that 1.1 million be paid to us. I think they had something like 1.2, 1.2 and a half, something like that in the bank. So there is still cash left. That's number one. Number two, there is approximately $500,000. I can't remember the exact number, but it's $450,000 and $500,000 of real estate that the LLC owns that the receiver did not recommend selling. All of the real estate didn't have to be sold in order to effectuate this to pay what's due, but everything but $500,000. So they've got $100,000 or $200,000 in the bank. They've got $500,000 in equity of real estate that's left over. Number three, they have two promissory notes. They have a promissory note from the daughter of the family and from Leland Sycamore for $2.1 million. And they also have the house. Now, your honor, I realized that the LLC is not willing to pursue Leland Sycamore to collect on that $2.1 million, but that's not my client's fault. That is an asset. They decided to go into that transaction. Same thing with the loan to the daughter. They decided to invest their assets in loaning to family members. And just because they're not willing to now enforce it doesn't mean that that's not a legitimate asset which they hold in the LLC. So even after the order here is enforced, they have cash, they have real estate, and they have promissory notes which they can pursue the collection on. That is not in any form of liquidation. Do they have $1,000,000 approximately in cash, which your answer began to imply, or do they have $100,000 in cash? No, they have, your honor, and I'm not saying this is the exact amount, but it's approximately $100,000. They paid $1.1 million to my client, and they have in the bank account, I think they had $1.2 something, so that would leave them $100,000 plus in cash, plus a half a million dollars in equity in real estate. So yes, is it a substantial diminishment of their assets? Absolutely, but it doesn't matter. It was found necessary to enforce the charging order. Those are distributions that my client is entitled to. Are the assets necessary? Are the assets that remain adequate to allow the LLC to continue to perform its principal business purpose? Well, sure, your honor. The LLC only has one function. That is to hold and manage the assets of the Sycamore family. They still have assets when this is over. They don't have as much assets as they had before, but they have assets, and they can continue to run and manage them. That's what this says. So the LLC has no other purpose other than to serve as a holding company for assets of the family? Absolutely, your honor. That is its only purpose. That deposition testimony is more complicated than the record. Your honor, the worst order, the clearest order... I can't hear. I'm sorry. Can you hear me now? I'm going to turn my sound up. Go ahead. I understand you want to narrow the issues, such as there should not be any challenge to the charging order. There should be no challenge. We can't hear a challenge to the appointment of the receiver. But there are a couple things that I think they should be able to challenge and explain why not. One is, does the receiver under Utah law or federal law have the right to require the company of which is the receiver to sell property? And then second, the numerical computations. And you agree that the numerical computations can be challenged on appeal. I'm not saying there's any validity to the argument. I think it's a weak argument, but don't they have the right to challenge that argument? They do have a right, your honor. I agree to challenge the numbers. What they don't have a right to challenge is the fact that the 2015, when the district court put an injunction upon the sale of the house, they did that because payoff of this loan would be a payment, a distribution to him. But yes, they can't challenge the money. And your honor. No, but I is something different. Do they have the right to challenge whether the receiver has the right to require the LLC to sell property, to produce cash, to be distributed to Mr. Mr. Sycamore? Well, your honor, the answer is no, they don't have the right, even though I'll respond to it. I'll defend anyway. The reason for that is in 2018, when the court of issued sanctions against the sycamores and found them in contempt for not following the charging order and appointed a receiver, it was clear from that how much money my client was owed in distributions and then determine the assets of the LLC and how that could best be paid. That was never challenged. So that basically all they could challenge at that point. You're saying that once that wasn't challenged, they have no right to challenge anything the receiver does thereafter, because that was implicit in the appointment. What I'm saying is saying that implicit in appointment of a receiver are some limitations. And one is the receiver can't actually sell the property of the LLC. Yeah. Part of the argument that's being made on appeal is that the trustee should not have been given the authority that he was given. That authority was given to him in that 2018 order. But your honor, it doesn't matter. Even if, even if they challenge that, there's no question that the court acted properly in approving the receiver's determination to sell these assets. The Utah statute, the LLC statute says that the court has authority to effectuate, to put steps into place to enforce its charging order. If the court, and also under federal law, general federal law and the power of the court, they have authority to do that. And your honor, think about it. What if that didn't exist? If the court was not allowed to appoint a receiver, tell the receiver, find the property that can satisfy the charging order, that would mean the court could not enforce the charging order. That's what the sycamores have been doing for the past six or seven years is everything in their power at every step to stop enforcement of the charging order. This, what the district court did is the only way to enforce the charging order. Because that's a merit argument. That's a merits argument. Understood. I'm sorry. I thought I had dealt with the jurisdictional. It seems to me that they have a pretty good argument that they can say, look, there are certain limitations on receivers under the law, state or federal, and that was exceeded here. And I can't see why they would have to make that argument at the time of the appointment of power. Accepting what you just said, your honor, it doesn't matter because the receiver did not get anywhere close to exceed. But I understand your jurisdictional point. Let me talk before I run out of time. I want to talk about the math, so to speak, your honor, because that's the other thing I agreed with you that they can challenge. So let me tell you about the numbers and why there's nothing close to establishing these as being clearly erroneous, which would be the review. The receiver valued the house at $2.9 million. And he has an explanation of that. What he says is that under the applicable accounting rules, he had to value assets like the house at the lower of, excuse me, cost, what it was paid for, or its current value. He, since he had to go with the lower number, he established it at cost. So that's how he got to the value of $2.9 million. The original loan counsel, you know, noted the discrepancy between those two because the original loan was $2.1 million. But that loan was 12 years ago. So the interest on that and Mr. Sycamore has not been playing, I don't think for quite a time. What he did is he just used draws on the line of credit to pay it down. And finally, you know, he ran out of time and he wasn't able to do that. But that $2.1 million has now grown exponentially, roughly to $2.9 million. I mean, I don't have a calculation today of what it is, but the value of the property that the receiver came up with is roughly the same as the amount of money that Leland Sycamore owes on the note. And the reason for that, the reason for discrepancy between $2.9 million and $2.1 million is interest that has accrued over the life of the loan. The loan was made in 2008. So there's been a lot of interest that's accrued and Mr. Sycamore hasn't made payments for a long time. But that's how the court, how the receiver came up with the figures that he used and the court approved those figures. And there's nothing that's been presented to this court that would in any way suggest that those figures are, you know, in any way inaccurate or that the receiver made any mistake. Really, the only point that I understand is being made is that he didn't do an appraisal. But so what? I mean, he didn't have to do an appraisal. Sure, that's one way to do it. But he had to take the lower of value and cost. He had no reason to think that value was going to be in excess of the cost. And he chose the cost, which was a conservative figure. Your Honor, my timer at least shows that I'm out of time unless the court has any other questions. No questions. Thank you. You had about nine seconds. They're taken. Thank you. Counsel, I'll give you a minute and a half because you had run out of time. You may argue your case. Thank you, Your Honor. I don't want to spend too much time on the math, but distribution is a transfer of money or other property. Counsel, does the district court have the power to order the payment of this judgment? It's what this boils down to. And the LLC, as a captive of this family, has been frustrating Judge Kimball at every step of the way. First, they are making distributions without following his orders. Then when they're stopped from doing that, they now are interposing all of these further arguments. I can imagine where Judge Kimball sits. It's just one effort to frustrate his orders after another. Your Honor, he may be frustrated, but the law does not allow what was ordered. It allows for the exclusive remedy of liquidation of Leland's membership interest. There was a finding by the district court that the charging order would not satisfy. How can that be accomplished without selling assets? It's impossible to do that. Your Honor, I guess the LLC could borrow the money and buy him out, buy out his judgment, but have you offered to do that? The LLC is not the debtor. That's the problem. The LLC is not responsible for paying the debts of any of its members. And I'm out of time, Your Honor. Well, the LLC has the obligation under Utah law to distribute assets in the manner provided by law. And what you were doing is the LLC was paying one partner in excess of a million dollars and the debtor partner zero. Do you cite me a case under Utah law when an LLC has that kind of power? Sorry, can you clarify what kind of power? Yeah, I would clarify my question. What case under Utah or federal law allows the LLC to make those kinds of distributions against the orders of a federal district judge? There is no case, Your Honor. I agree that the LLC did not comply with the order, but the pay distributions as what Mr. Burke described as the order directed the receiver to do should be characterized as a sanction. And I believe the Chamber's case discusses the sanctions. The sanctions were attorney's fees, which were substantial and were paid by the LLC. The liquidation of its assets for violation of this charging order is a sanction that, first of all, was not briefed initially, but I think that would be an abuse of discretion. What we have here is in violation of the LLC Act, which states that there is only an exclusive remedy to the judgment creditor, and it was exceeded with these orders. Thank you, counsel. Judge Hartz, Judge Heitz. Thank you. It's getting late in the morning. Good. Counsel are excused. The case is submitted.